RECEIVED
IN LAKE CHARLES, LA.

MAR - 1 2012

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NELDA MCMANUS | : | DOCKET NO. 2:11 CV 1838 |
| VS. | : | JUDGE MINALDI |
| CONTINENTAL AIRLINES, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [Doc. 18], filed by the defendant, the State of Louisiana Department of Transportation and Development ("DOTD"). The motion is unopposed.[1]

### BACKGROUND

Ms. McManus filed this suit in the 14th Judicial District Court for Calcasieu Parish, Louisiana, against DOTD, the Police Jury of Calcasieu Parish, Airport District #1 of Calcasieu Parish (the "Airport Authority"), and several airline defendants, alleging that she was injured when she tripped over a an object she believed to be a "transition adapter" in the Lake Charles Regional Airport.[2] She asserts that DOTD is liable for failing to prescribe rules and regulations necessary to protect public safety at the Lake Charles Regional Airport and for failing to discover the unreasonably dangerous condition that allegedly caused her to trip.[3]

---

[1] The plaintiff, Nelda McManus, filed a Motion for Extension of Time to File a Response [Doc. 25], which the court granted on December 21, 2011 [Doc. 27]. The court's order extended Ms. McManus's deadline to file a response to January 8, 2012. As of the date of this Memorandum Ruling, no response has been filed.

[2] Notice of Removal Ex. 1, State Court Petition ¶¶ 3 & 4 [Doc. 1-1].

[3] *Id.* ¶ 13.

Continental Airlines, Inc., American Eagle, the Airport Authority, and the Calasieu Parish Police Jury removed the action to this court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[4] DOTD did not join in the removal; however, the removing defendants alleged that its joinder was unnecessary because DOTD is a nominal defendant and that Ms. McManus fraudulently joined it in order to avoid removal.[5] DOTD now moves to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis of sovereign immunity under the Eleventh Amendment of the United States Constitution.

## 12(b)(1) STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1). The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

On a Rule 12(b)(1) motion, the court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson*, 645 F.2d at 413). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing

---

[4] Notice of Removal ¶ 15.

[5] *Id.* ¶¶ 18-22.

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## ANALYSIS

Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state or a state agency or department. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). DOTD is an arm of the state. *Tillman v. CSX Transp.*, 929 F.2d 1023, 1025 n.1 (5th Cir. 1991) (citing *Fireman's Fund Ins. Co. v. Department of Transp.*, 792 F.2d 1373 (5th Cir. 1986); *Freimanis v. Sea-Land Serv., Inc.*, 654 F.2d 1155 (5th Cir. 1981)). It is therefore immune from suit in federal court unless it has consented to federal court jurisdiction or Congress has clearly and validly abrogated its sovereign immunity. *Id; Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002).

Louisiana has not waived its sovereign immunity, and because the state did not join in the removal, it has not voluntarily invoked this court's jurisdiction. La. Rev. Stat. § 13:5106(A); *Herbert v. City & County of San Francisco*, No. 08-5748, 2009 U.S. Dist. Lexis 19267 at *5-7 (N.D. Ca. Mar. 10, 2009). Moreover, Congress has not abrogated Louisiana's Eleventh Amendment Immunity in this case. Accordingly, DOTD's Motion to Dismiss will be granted. However, the dismissal will be without prejudice to refiling in state court. *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives a court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

Lake Charles, Louisiana, this _1_ day of _March_ 2012.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE