RECEIVED
IN LAKE CHARLES, LA.
JUN -6 2013
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NELDA MCMANUS | : | DOCKET NO. 2:11-CV-1838 |
| VS. | : | JUDGE MINALDI |
| CONTINENTAL AIRLINES INC., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion for Summary Judgment [Doc. 33], filed by the defendant, ExpressJet American Airlines, Inc ("ExpressJet"). The plaintiff, Nelda McManus, did not file an opposition. As the court finds the motion is fully briefed, it is ripe for review. For the foregoing reasons, ExpressJet's Motion for Summary Judgment is GRANTED.

## FACTUAL BACKGROUND

This case arises out of injuries the plaintiff sustained on July 1, 2010 when she tripped and fell in a rolling jet bridge stairwell in the Lake Charles Regional Airport in Calcasieu Parish, Louisiana.[1] The plaintiff originally filed her complaint on July 1, 2011 in the Fourteenth Judicial District Court for Calcasieu Parish, and the defendants then removed the case to this court, asserting that the court had jurisdiction pursuant to 28 U.S.C. § 1331 because the case "ar[ose] under a treaty of the United States."[2]

The relevant uncontested facts are straightforward: on July 1, 2010, the plaintiff was beginning the first leg of her journey from Lake Charles to Austria from the Lake Charles

---

[1] Pl.'s Compl., [Doc. 1-1] at ¶ 5.

[2] The defendants asserted in their Notice that, as "the plaintiff was embarking on the first segment of an international flight [to Austria], the rights and obligations of the plaintiff and the defendant are governed by the Warsaw Convention . . . and by the Montreal Convention [which are both] treaties of the United States." Not. of Removal, [Doc. 1] at ¶¶ 13, 15.

1

Regional Airport, with a connecting flight in Houston.[3] As she was walking through the rolling jet bridge stairwell that connected Gate 3 to her plane, she tripped on a transition adapter.[4] While the plaintiff alleged in her complaint that she was boarding a flight operated by Express Jet, it appears that ExpressJet did not operate the flight, as it was a Continental Flight instead.[5]

ExpressJet now moves for summary judgment, arguing that, under any theory of recovery the plaintiff might bring, ExpressJet is not liable for her injuries, because it did not operate the flight the plaintiff was boarding when she tripped.

## MOTION FOR SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

[3] [Doc. 1-1] at ¶ 4.

[4] *Id.* at ¶ 5.

[5] The plaintiff was taking Continental flight no. 9567, which was not controlled or operated by ExpressJet. *See* Aff. of Ta Nessa Carter, Ex. B to Def.'s Mot. for Summ. J., [Doc. 33-5] at ¶¶ 7 – 9; *see also* Aff. of Edna Smith, Ex. C to Def.'s Mot. for Summ. J., [Doc. 33-6] at ¶¶ 8 – 9.

U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

The Western District of Louisiana's Local Rule 56.2 requires a party's opposition to a motion for summary judgment to include a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." LR56.2  Additionally, "[a]ll material facts set forth in the statement required to be served by the moving party will be admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*  As the plaintiff has failed to timely submit a statement of uncontested material facts, the undersigned must accept the defendants' statement of uncontested facts [Doc. 33-2] as admitted.

## LAW & ANALYSIS

ExpressJet's sole argument in its Motion for Summary Judgment is that, because it did not operate the flight the plaintiff was boarding, the plaintiff has no viable theory of recovery against it.  In support of its motion, it attaches two affidavits: one from Ta Nessa Carter, a Supervisor of Passenger Claims, and one from United Airlines (who recently merged with Continental Airlines), the litigation manager for United's records.  Based on the affidavits, while ExpressJet did operate some flights for Continental Airlines as Continental Express, the uncontested sworn evidence shows that the flight the plaintiff was on (Continental flight no. 9567) was not one of the flights ExpressJet operated for Continental.[6]

---

[6] *See id.*

3

Whether plead under the Warsaw Convention,[7] Montreal Convention,[8] or else Louisiana law,[9] therefore, it is clear that the plaintiff does not have a viable cause of action against ExpressJet, as the uncontested evidence shows that ExpressJet was in no way involved in the plaintiff's accident. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED**. The claims against the defendant ExpressJet in the above-captioned case are hereby **DISMISSED WITH PREJUDICE.**

---

[7] "Article 17 of the Warsaw Convention sets forth the conditions under which an international air carrier can be held liable for injuries to passengers." *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530 (1991). Article 17 of the Warsaw Convention provides:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3018, T.S. No. 876 (entered into force in the United States in 1934) (Warsaw Convention), reprinted in 49 U.S.C. § 40105 note.

[8] The Montreal Convention, "like its Warsaw predecessor, governs the international transportation of persons, baggage, and goods by air. *Ehrlich v. America Airlines, Inc.*, 360 F.3d 366 (5th Cir. 2004). Article 17 of the Montreal Convention similarly provides: "[t]he carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000).

[9] Louisiana premises liability is governed by La. Civ. Code Art. 2317, which provides:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Further, La. Civ. Code Art. 2317.1, provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Lake Charles, Louisiana, this 5 day of June 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE